IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2003 Session

## VICTORIA L. HENRY, ET AL. v. TIMOTHY A. GOINS, ET AL.

Appeal by Permission from the Court of Appeals
Circuit Court for Davidson County
No. 97C-496 (99C-1453, 99C-1454)    Hamilton V. Gayden, Jr., Judge

No. M2000-02663-SC-R11-CV - Filed May 13, 2003

The trial court entered an Order of Dismissal for failure to prosecute. The order was entered with prejudice and without notice to the parties. After the trial court reinstated Plaintiffs' claims pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure ("Rule 60.02"), Plaintiffs prevailed on the merits. The Court of Appeals held that the trial court erred in setting aside the Order of Dismissal and vacated the judgment in Plaintiffs' favor. We granted permission to appeal. Because Plaintiffs presented adequate grounds for relief under Rule 60.02, we hold that the trial court did not abuse its discretion in reinstating their claims. Therefore, we reverse that portion of the judgment of the Court of Appeals holding that the trial court erred in setting aside the Order of Dismissal. Accordingly, we reinstate the jury verdict, and we remand this cause to the trial court for proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed in Part and Affirmed in Part; Case Remanded**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Robert L. Whitaker, Nashville, Tennessee, for the plaintiffs-appellants, Victoria L. Henry and Peggy Henry.

Paul M. Buchanan and Julie Bhattacharya Peak, Nashville, Tennessee, for the defendants-appellees, Jason M. Pope and Neal H. Dobyns d/b/a Residue Rescue.

Eugene N. Bulso, Jr. and Julie Murphy Burnstein, Nashville, Tennessee, for the plaintiffs-appellees, Robert Orr-Sysco Food Services Company and Timothy A. Goins.

**OPINION**

## I. Factual and Procedural Background

This case arose out of a traffic accident that occurred on November 18, 1996. Three vehicles were involved: a Ford Escort operated by Victoria L. Henry, in which Peggy Henry was a passenger; a tractor-trailer operated by Timothy A. Goins and owned by Robert Orr-Sysco Food Systems Co. ("Robert Orr-Sysco"); and a tractor-trailer operated by Jason M. Pope and owned by Neil H. Dobyns d/b/a Residue Rescue. Victoria and Peggy Henry filed a complaint in the Circuit Court for Davidson County, Tennessee, seeking recovery for personal injuries against Robert Orr-Sysco, Mr. Goins, Mr. Pope, and Mr. Dobyns. Mr. Goins and Robert Orr-Sysco filed a cross-complaint against Mr. Pope and Mr. Dobyns, seeking recovery for damages resulting from the same accident.

The case had been pending for approximately fourteen months when Judge Walter Kurtz, on April 20, 1998, dismissed the case for failure to prosecute. The dismissal was in accordance with Rule 37.02 of the Local Rules of Practice of the Courts of Record of Davidson County.[1] No prior notice was given to the parties that the trial court was contemplating such an action, and no hearing was held prior to the dismissal. The dismissal was with prejudice because the order failed to provide otherwise. See Tenn. R. Civ. P. 41.02(3) (stating that an involuntary dismissal for failure to prosecute "operates as an adjudication upon the merits" unless the trial court otherwise directs).

On May 19, 1998, cross-plaintiff Goins moved to set aside the trial court's dismissal of "the case." Mr. Goins asserted that the judgment should be set aside because he was never notified that the court had contemplated dismissal. The trial court heard argument on Mr. Goins' motion on June 5, 1998. The motion was unopposed. On June 16, 1998, Judge Kurtz entered an order limiting reinstatement of the case to Mr. Goins' claims against Mr. Pope and Mr. Dobyns.

On June 15, 1998, upon learning that the Order to Set Aside Dismissal would not apply to all of the plaintiffs, counsel for the Henrys filed a separate motion to set aside the dismissal. The defendants opposed the motion. The Henrys argued that their counsel of record was never notified that the court was contemplating dismissal and that a paralegal employed by their counsel "inadvertently misread the Motion [of Mr. Goins], assuming it to have been filed on behalf of all plaintiffs." As to the merits of the dismissal for failure to prosecute, the Henrys submitted an affidavit from their counsel stating that the parties had been actively negotiating alternative dispute resolution as a means of resolving the case.

---

[1] In 1997, Rule 37.02 of the Local Rules of Practice of the Courts of Record of Davidson County read, "To expedite cases, the court may take reasonable measures to purge the docket of old cases. The Presiding Judge, with the concurrence of the judges or chancellors affected, may make such necessary orders and take such actions as are required to see that the dockets are uniformly purged." Rule 37.01 (1997) provided that "[a]ll civil cases must be concluded or set for trial within twelve months from date of filing unless the court has directed a shorter or longer period for specific cases. These time standards will be implemented by appropriate orders from the court."

Judge Kurtz heard argument on the Henrys' motion to set aside the dismissal on July 17, 1998, and granted their motion for relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure ("Rule 60.02") on August 27, 1998. Robert Orr-Sysco requested an interlocutory appeal of the order reinstating the Henrys' claims. Permission to appeal was denied. The case was set for trial before Judge Hamilton Gayden, and the Henrys prevailed on the merits. Robert Orr-Sysco appealed.

The Court of Appeals held that under Rule 60.02 "the conduct of the paralegal cannot be treated as excusable neglect." On this basis, the Court of Appeals reversed the trial court's reinstatement of the Henrys' claims and vacated the judgment in their favor. We granted permission to appeal. For the following reasons, we reverse the Court of Appeals' holding that the trial court erred in setting aside the Order of Dismissal, and we reinstate the jury verdict.

## II. Standard of Review

In reviewing a trial court's decision to grant or deny relief pursuant to Rule 60.02, we give great deference to the trial court. See Underwood v. Zurich Ins. Co., 854 S.W.2d 94, 97 (Tenn. 1993). Consequently, we will not set aside the trial court's ruling unless the trial court has abused its discretion. See id. An abuse of discretion is found only when a trial court has "'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" State v. Stevens, 78 S.W.3d 817, 832 (Tenn. 2002) (quoting State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. See Eldridge v. Eldridge, 42 S.W.3d 82, 85 (Tenn. 2001).

## III. Analysis

Rule 59.04 of the Tennessee Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed within thirty days of the entry of the judgment in question. Because the Henrys did not file a motion to set aside the dismissal of their claims within thirty days after the Order of Dismissal was entered, their sole avenue for relief from the dismissal of their claims became a motion in accordance with Rule 60.02. Rule 60.02 provides relief from final judgments as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have

prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

It is clear from the content of the Henrys' Motion to Set Aside Dismissal that they sought relief pursuant to Rule 60.02, even though the motion did not mention this rule. Moreover, the trial court considered the Henrys' motion as a motion pursuant to Rule 60.02. Because the Henrys' request for relief did not mention Rule 60.02, they also failed to specify the section of the rule upon which they were relying. It is apparent, however, that the Henrys sought relief from final judgment under Rule 60.02(1).

"[M]istake, inadvertence, surprise or excusable neglect" is a ground for relief from a final judgment under Rule 60.02(1). Among other reasons for relief, the Henrys alleged that the "excusable neglect and inadvertent mistake" of a paralegal employed by their counsel caused them to fail to join the Motion to Set Aside Dismissal filed by Mr. Goins. In an affidavit, the paralegal stated that she "inadvertently misread the Motion [of Mr. Goins], assuming it to have been filed on behalf of all plaintiffs." The Court of Appeals held that the paralegal's conduct was not a sufficient basis for post-judgment relief. We agree that the paralegal's conduct in this case does not provide grounds for relief.

Although Rule 59.04 and Rule 60.02 are distinct, there is considerable overlap between them. In this case, the grounds that Mr. Goins successfully asserted in support of post-judgment relief were essentially the same grounds upon which the Henrys relied in seeking relief. Both Mr. Goins and the Henrys argued that their claims should be reinstated because they were never notified that the trial court was contemplating dismissal. The motions of Mr. Goins and the Henrys requesting reinstatement of their claims were appropriately construed as motions pursuant to Rule 59.04 and Rule 60.02, respectively, according to the time when the motions were filed. That the Henrys' motion would be untimely under Rule 59.04 is of no consequence if they meet the requirements for relief under Rule 60.02(1).

Under Rule 60.02(1), the Henrys' request for relief must be evaluated to determine whether the court may "relieve [them] from a final judgment." The final judgment in this case was the Order of Dismissal that was entered without notice. As relief under Rule 60.02 is available "*from* a final judgment" (emphasis added), generally speaking, the grounds for relief asserted under Rule 60.02(1) must have occurred at or before the entry of the final judgment and must have resulted in the judgment's entry. Tenn. R. Civ. P. 60.02; see also Thomas M. McInnis & Assocs., Inc. v. Hall, 349 S.E.2d 552, 555 (N.C. 1986) (construing a rule identical to Rule 60.02(1) and observing that excusable neglect must have occurred at or before entry of the judgment and must have caused it to be entered). The final judgment from which the Henrys seek relief under Rule 60.02(1) obviously did not result from any "excusable neglect and inadvertent mistake" on the part of the paralegal because the paralegal's conduct occurred subsequent to the entry of the Order of Dismissal. What occurred after the entry of the Order of Dismissal should not have been considered in determining

whether relief pursuant to Rule 60.02(1) was justified, except as it might relate to whether the Henrys' Motion to Set Aside Dismissal was made within a reasonable time.[2]  See, e.g., Norton v. Sawyer, 30 S.E 2d 148, 152 (N.C. App. 1976).  Thus, even if the Henrys' failure to file a motion pursuant to Rule 59.04 were the product of the paralegal's "mistake, inadvertence, surprise or excusable neglect," such conduct would not provide grounds for relief under Rule 60.02(1).

Although the paralegal's conduct is not a basis for relief from the Order of Dismissal, the Henrys' Motion to Set Aside Dismissal sets forth other circumstances that may constitute excusable neglect under Rule 60.02(1).  In this case, the "mistake, inadvertence, surprise or excusable neglect" upon which the Henrys properly relied in seeking relief is the "mistake, inadvertence, surprise or excusable neglect" that resulted in the dismissal of their claims.  When a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect.  See, e.g., Tenn. Dep't of Human Serv. v. Barbee, 689 S.W.2d 863, 868 (Tenn. 1985) (holding that failure of notice constitutes excusable neglect justifying relief from default judgment when combined with other requirements for such relief); Jerkins v. McKinney, 533 S.W.2d 275, 281 (Tenn. 1976) (holding that failure to notify counsel of entry of an order overruling motion for new trial constituted excusable neglect justifying relief under Rule 60.02(1)).  The entry of the Order of Dismissal was a critical step in the Henrys' lawsuit because the order disposed of the case as completely as a judgment after a trial on the merits.  In determining whether lack of notice of the impending dismissal demonstrates excusable neglect in this case, we will look to cases that decide whether default judgments should be set aside.

A dismissal for failure to prosecute is analogous to a default judgment.  When a defendant fails to answer a complaint, the plaintiff may obtain a default judgment without a hearing on the merits.  When a plaintiff fails to prosecute the case, the defendant may receive a judgment of dismissal without a hearing on the merits.  Both dismissals and default judgments are drastic sanctions.  See United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983); Barish v. Metro. Gov't of Nashville & Davidson County, Tenn., 627 S.W.2d 953, 955 (Tenn. Ct. App. 1981).  Neither dismissals nor default judgments are favored by the courts.  See Barbee, 689 S.W.2d at 866; Mfrs. Consolidation Serv., Inc. v. Rodell, 42 S.W.3d 846, 864 (Tenn. Ct. App. 2000).  Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits.  See, e.g., Childress v. Bennett, 816 S.W.2d 314, 316 (Tenn. 1991) (observing that "it is the general rule that courts are reluctant to give effect to rules of procedure . . . which prevent a litigant from having a claim adjudicated upon its merits"); Barbee, 689 S.W.2d at 866 (stating that in the interests of justice, courts express a clear preference for a trial on the merits).

---

[2]Under Rule 60.02(1), a request for relief must be made within a reasonable time and not more than one year after the judgment was entered.  See Tenn. R. Civ. P. 60.02.  The interval of time between the Order of Dismissal and the Motion to Set Aside Dismissal was approximately two months.  We conclude that the Henrys' motion under Rule 60.02(1) was timely.

Rule 55.02 of the Tennessee Rules of Civil Procedure permits trial courts to set aside default judgments in accordance with Rule 60.02. Courts construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits. See Barbee, 689 S.W.2d at 866; Nelson v. Simpson, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). A request to vacate a default judgment in accordance with Rule 60.02 should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on its merits. See Nelson, 826 S.W.2d at 486. A request to vacate an order of dismissal pursuant to Rule 60.02 should be granted under the same circumstances. Such liberality is especially warranted when an order of dismissal is entered with prejudice and without such procedural safeguards as notice, considering that Rule 55.01 of the Tennessee Rules of Civil Procedure requires notice to be given before a default judgment is granted.

Because of the similarity between default judgments and dismissals, we find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1). Those factors include: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted. See Barbee, 689 S.W.2d at 866. These same factors should apply in cases when relief from an order of dismissal is sought under Rule 60.02(1).

When a party seeks relief from a final judgment pursuant to Rule 60.02, the burden of proof rests with that party. See Federated Ins. Co. v. Lethcoe, 18 S.W.3d 621, 624 (Tenn. 2000); Banks v. Dement Constr. Co., 817 S.W.2d 16, 18 (Tenn. 1991). Furthermore, the party seeking relief must offer proof of the basis upon which relief is sought. See Lethcoe, 18 S.W.3d at 624; Banks, 817 S.W.2d at 18. Our review of the record indicates that there was ample evidence before the trial court to support its decision to reinstate the Henrys' claims pursuant to Rule 60.02.

Turning to the first factor, the Henrys were not personally at fault for the sua sponte dismissal of their claims. The trial court's failure to provide notice that it was contemplating dismissal precluded the Henrys from addressing the merits of the dismissal for failure to prosecute before the final judgment was entered. In support of their Motion to Set Aside Dismissal, the Henrys submitted proof that the parties had been actively negotiating toward settlement and that, contrary to the trial court's contention in its Order of Dismissal, the case had not actually been dormant for an extended period of time. As to the second factor, it is clear that the Henrys had a meritorious claim. When their claims were reinstated, the Henrys obtained a judgment in their favor. As to the third factor, Robert Orr-Sysco did not assert any specific prejudice that would result if the Henrys' claims were reinstated. Simply having to proceed to trial does not constitute prejudice, nor does the mere passage of time. See Barbee, 689 S.W.2d at 867; Nelson, 826 S.W.2d at 486. The application of these three factors shows that the Henrys have demonstrated excusable neglect, a ground for relief pursuant to Rule 60.02(1).

In the case before us, the trial court exercised its discretion by determining that the dismissal should be vacated and that a hearing on the merits should be held. We have recognized that "the trial court is in the best position to assess the various factors that should be considered in determining

whether a default judgment should be vacated and its finding is entitled to great weight." Barbee, 689 S.W.2d at 867. Similarly, we believe the trial court is in the best position to decide whether its Order of Dismissal should be set aside. Although the "escape valve" of Rule 60.02 should not be easily opened, we have recognized that the purpose of Rule 60.02 is to protect parties "'from possible inequity that might otherwise arise from the unrelenting imposition of finality imbedded in our procedural rules.'" Toney v. Mueller Co., 810 S.W.2d 145, 146 (Tenn. 1991) (quoting Thompson v. Firemen's Fund Ins. Co., 798 S.W.2d 235, 238 (Tenn. 1990). In addition, this Court has observed that the power to order sua sponte the involuntary dismissal of an action "must be exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired." Harris v. Baptist Mem'l Hosp., 574 S.W.2d 730, 731 (Tenn. 1978). Had the trial court dismissed the case without prejudice, the parties could have moved to reinstate the case or could have re-filed their claims within the time permitted by the savings statute. We conclude that the trial court did not abuse its discretion in reinstating the Henrys' claims because the circumstances of this case create a reasonable, if not compelling, question of whether the dismissal should be set aside. See Nelson, 826 S.W.2d at 486. The remainder of the issues raised by Robert Orr-Sysco are without merit.

## IV. Conclusion

Because the record shows that the Henrys presented adequate grounds for relief under Rule 60.02, we hold that the trial court did not abuse its discretion in reinstating the Henrys' claims. Therefore, we reverse that portion of the judgment of the Court of Appeals holding that the trial court erred in setting aside the Order of Dismissal. The jury verdict is reinstated. The Henrys did not appeal the Court of Appeals' award of discretionary costs to Robert Orr-Sysco, and this award is affirmed. The cause is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to Robert-Orr Sysco and its surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE