IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

February 16, 2005 Session

RUBY ANGELO SMITH and CHARLES SMITH v. SAMMIE L. SHAW

An Appeal from the Circuit Court for Shelby County
No. 91108-5    Kay S. Robilio, Judge

No. W2004-01772-COA-R3-CV - Filed June 3, 2005

This case is about a motion to set aside an order of dismissal. In 1997, the plaintiff sued the defendant for damages resulting from a 1996 car accident. On February 18, 2002, the trial court signed an order dismissing the lawsuit for failure to prosecute. That order was not filed by the court clerk until two years later, on February 18, 2004. During the two years between the time the dismissal order was signed until it was filed, both parties continued discovery and negotiation. After discovering the dismissal in 2004, the plaintiff asserted that neither party had received notice of the dismissal. The plaintiff then filed motions under Rules 59 and 60 of the Tennessee Rules of Civil Procedure, asking the trial court to set aside the order of dismissal. The motions were denied, and the plaintiffs appeal. We reverse, finding that under the circumstances of this case, the order of dismissal should have been set aside.

Tenn. R. App. P. 3 Appeal as of Right; Judgment is Reversed and Remanded

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Barry L. Gardner, Brentwood, and Roland M. Lowell, Nashville, for plaintiff/appellants Ruby Angelo Smith and Charles Smith.

John H. Dotson, Memphis, for defendant/appellee Sammie L. Shaw.

OPINION

This case arises out of an automobile accident that occurred in Memphis, Tennessee on November 6, 1996. On November 4, 1997, the plaintiffs, Ruby Angelo Smith ("Smith") and her spouse Charles Smith filed a lawsuit against defendant Sammie L. Shaw ("Shaw") arising out of the automobile accident. The complaint alleged that Shaw's negligence resulted in the automobile accident between Smith and Shaw. The complaint also named GEICO Insurance Company ("GEICO") as the plaintiffs' uninsured motorist carrier.

On August 19, 1998, GEICO filed its Answer to the Smiths' complaint, and on August 20, 1998, Shaw filed an answer as well. In December 1998, GEICO filed a motion to dismiss, arguing that Smith had declined uninsured motorist coverage and thus GEICO was not liable. The trial court granted GEICO's motion by order dated February 19, 1999.

In May 2000, the trial court dismissed Smith's claim, *sua sponte*, for failure to prosecute. However, upon Smith's motion in August 2001, the trial court set aside this order of dismissal. On January 22, 2002, the defendant filed a request for production of documents to the plaintiffs.

In an order signed and dated by the judge on February 18, 2002, the claim was again dismissed for lack of prosecution. The text of this order states that "[t]his cause came to be heard on, FEBRUARY 18, 2002, on the Court's Calendar[,] whereupon the plaintiff, or plaintiff's counsel failed to appear and the same was dismissed for lack of prosecution." The order was signed by the trial judge and dated February 18, 2002. However, the order was apparently not entered or filed at the time.

On May 30, 2002, defendant Shaw filed a motion to compel the plaintiffs to respond to the outstanding requests for production of documents. On June 7, 2002, almost four months after the claim was allegedly dismissed, the trial court signed a consent order compelling Smith to respond to discovery requests. The consent order was signed by counsel for Smith and Shaw.

On September 29, 2003, approximately seventeen months after the dismissal, Shaw's counsel sent a letter to the plaintiffs' attorney. The letter states that Shaw is willing to arbitrate the matter and asks Smith's counsel how they wish to proceed.

On February 18, 2004, the order dismissing the cause for failure to prosecute was apparently filed, two years after it was signed. It included a certificate of service initialed by the Court Clerk, indicating the order was sent "to the parties of record or their counsel, if represented, at their last known address." The certificate did not indicate the date of the alleged service.

The record includes an affidavit by the plaintiffs' counsel stating that, in April 2004, he contacted the clerk's office regarding this case for the purpose of obtaining a motion date. At that time, the clerk told the plaintiffs' counsel that the case had been dismissed on February 18, 2002. The plaintiffs' counsel apparently responded by stating that he had never received notice of the dismissal.

In May 2004, the plaintiffs' counsel, by telephone, asked the trial court to set aside the order of dismissal and reinstated the lawsuit. The plaintiffs also filed a Motion to Set Aside Order of Dismissal, citing clerical error as a basis for dismissal.[1]

---

[1] The motion is not included in the appellate record, but is referenced in the trial court's subsequent letter to counsel for both parties.

In a letter to counsel dated May 25, 2004, the trial judge found that dismissal under Rule 60.01 of the Tennessee Rules of Civil Procedure was not appropriate. The trial court noted that the record indicated that copies of the order and cost bills were sent to counsel at the addresses provided to the court by counsel, and that the record did not show that any mailings were returned.[2]

Counsel for plaintiffs had also asked that the order of dismissal be set aside based on Rule 60.02 of the Tennessee Rules of Civil Procedure, claiming "surprise upon learning of the order." The trial judge denied relief under this rule as well.[3] In the May 25, 2004 letter, the trial court stated:

> The language of [Rule 60.02] specifically demands that any motion for relief from judgment due to surprise be made within one year. Relief under Rule 60.02 is not available to Plaintiffs because the order was granted over two years ago.

Therefore, the trial court denied the plaintiffs' motion to set aside the order of dismissal for lack of prosecution. This decision was finalized in an order dated June 18, 2004.

In July 2004, the plaintiffs filed a Rule 59 Motion to Alter, Amend and/or Set Aside Order. Counsel for the plaintiffs again asserted that he did not receive notice of the dismissal, noting that the certificate of service on the order was not dated and did not recite the names or addresses of the parties to whom the order was sent. On July 29, 2004, this motion was denied as well. The plaintiffs now appeals both the June 18, 2004 order and the July 29, 2004 order, asserting that the trial judge erred in refusing to set aside the order of dismissal.

---

[2]The relevant portion of Rule 60.01 of the Tennessee Rules of Civil Procedure states:

Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders.

Tenn. R. Civ. P. 60.01(2004).

[3]The relevant portion of Rule 60.02 of the Tennessee Rules of Civil Procedure states:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02 (2004).

The denial of a motion to set aside a judgment pursuant to Rules 60.01or 60.02 of the Tennessee Rules of Civil Procedure is reviewed on an abuse of discretion standard. ***Howell v. Tucker***, 2003 WL 22213215, at \*2 (Tenn. Ct. App. Sep. 24, 2003); ***Bowers v. Gutterguard of Tennessee, Inc.***, No. M2002-02877-COA-R3-CV, 2003 WL 22994302, at \*2 (Tenn. Ct. App. Dec. 17, 2003). Thus, the trial court's decision will not be set aside unless it has abused its discretion. ***Henry v. Goins***, 104 S.W.3d 475, 479 (Tenn. 2003). A trial court has abused its discretion when it "reached a decision which is against logic or reasoning that caused an injustice to the party complaining." ***Bowers v. Gutterguard of Tennessee, Inc.***, No. M2002-02877-COA-R3-CV, 2003 WL 22994302, at \*2 (Tenn. Ct. App. Dec. 17, 2003)(citing ***State v. Stevens***, 78 S.W.3d 817, 832 (Tenn. 2001)).

On appeal, Smith asserts that the trial court erred in giving consideration only to part (1) of Rule 60.02 and that the order of dismissal should be set aside under parts (3), (4) or (5) of Rule 60.02 as well. Smith noted that the trial court stated in its letter to counsel that relief was not available because more than one year had elapsed since the order was signed. Smith asserts that relief under the latter three parts of Rule 60.02 does not have a one year time limit and that the trial court should have considered those grounds as well.

Smith cites ***Columbia Advertising Agency v. Isenhour***, No. M2001-01627-COA-R3-CV, 2002 WL 1189839 at \*3 (Tenn. Ct. App. June 5, 2002), for the proposition that the rules regarding a motion to set aside a dismissal should be liberally construed if there is reasonable doubt about the justness of dismissing the case before it can be heard on its merits. ***Id.*** The ***Isenhour*** court likened a dismissal to a default judgment and noted that a default judgment cannot be entered without procedural safeguards. ***Id.*** The ***Isenhour*** court held that liberal construction of rules should be applied to a request for dismissal when the dismissal was not preceded by notice that a dismissal was imminent. ***Id.*** Additionally, Smith cites ***Henry v. Goins***, 104 S.W.3d 475, 480 (Tenn. 2003), in which the Tennessee Supreme Court stated that "[w]hen a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect." ***Henry v. Goins***, 104 S.W.3d 475, 480 (Tenn. 2003)

In the case at bar, the record includes no indication of a motion to dismiss, an order to show cause, or any other means of notifying the parties or their counsel that dismissal for failure to prosecute was imminent. There was no deadline, such as in a scheduling order, of which the plaintiffs should have been aware. Assuming copies of the order of dismissal were actually sent to counsel at the address furnished by them to the Clerk of the Court, the rather nonspecific certificate of service includes no indication of whether such service occurred in February 2002, when the order of dismissal was signed, or in February 2004, when the order was filed. Certainly the actions of counsel for both parties indicate no awareness of such a dismissal between 2002 and 2004, since the defendant filed a motion to compel discovery during that interim, and a consent order granting the motion to compel discovery was filed as well. It is unclear whether the one-year limit on obtaining relief under Rule 60.01 would apply in a situation in which there is a two-year interval between the signing of an order of dismissal and the filing of the order, and where the date of service of the order is unknown. The defendant has asserted no prejudice from setting aside the order of dismissal. Under all of these

circumstances, we must conclude that the trial court's denial of the plaintiffs' motion to set aside the order of dismissal constitutes an abuse of discretion.

The decision of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this Opinion. Costs of this appeal are to be divided equally between the Plaintiff/Appellants Ruby Angelo Smith and Charles Smith and the Defendant/Appellee Sammie L. Shaw, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE