IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2012 Session

**STATE OF TENNESSEE ex rel. ROBIN TURNER v. JAMIE REED**

**Appeal from the Juvenile Court for Cocke County**
**No. J312      John Bell, Judge**

**No. E2011-02321-COA-R3-JV-FILED-JUNE 21, 2012**

This appeal arises from a judgment for arrears in child support.  The State of Tennessee ex rel. Robin Turner ("the State") filed a civil contempt petition against Jamie Reed ("Reed") in the Juvenile Court for Cocke County ("the Juvenile Court").  After a hearing, the Juvenile Court ordered Reed to pay $75 per month towards satisfying his $17,330 in arrears.  The minor child at issue had attained majority age by the time of these proceedings.  The Juvenile Court found Reed to be in substantial compliance with his payments, and he was given an opportunity to comply with the Court's order.  The Juvenile Court rejected Reed's demands for a jury trial and for discharge of the arrearage.  Reed appeals.  We affirm the judgment of the Juvenile Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Jamie Reed, pro se appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and, Warren Jasper, Senior Counsel; for the appellee, State of Tennessee ex rel. Robin Turner.

## MEMORANDUM OPINION[1]

## Background

The record in this case is threadbare. In June 2009, the Juvenile Court entered a judgment for child support arrears against Reed but payment on the arrearage was reserved. The Juvenile Court ordered Reed to pay $100 per month in child support. The Juvenile Court did not find Reed in contempt, observing that he had been "habitually incarcerated" as of February 2009.

In March 2010, the State filed a petition for civil contempt in the Juvenile Court against Reed based upon Reed's child support arrears. Due to various interruptions, a hearing was not held on the petition for civil contempt until October 2011. The minor child at issue had attained majority age by the date of the hearing. The hearing was not for the purpose of establishing child support, but instead was one concerning Reed's arrears on his preexisting child support obligation. After the hearing, the Juvenile Court entered an order in which it found Reed owed $17,330 in child supports arrears and ordered the arrears to be paid at $75 per month. Reed, however, was found to be in substantial compliance with his payments to that point and was not held in contempt. The Juvenile Court rejected Reed's demands for a jury trial and for discharge of the arrearage. Reed appeals.

## Discussion

We restate the issues raised on appeal as one overarching issue: whether the Juvenile Court erred in entering a judgment for child support arrears against Reed and setting a payment schedule for said arrears.

Respectfully, Reed's arguments are articulated in a rather haphazard manner, and often seem to delve into matters of politics and policy far beyond the scope of this Court and this appeal. We acknowledge that Reed is a *pro se* litigant. In *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222 (Tenn. Ct. App. 2000), this Court observed that:

> *Pro se* litigants are entitled to fair and equal treatment. *See Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). *Pro se* litigants are not,

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

however, entitled to shift the burden of litigating their case to the courts. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983). *Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

*Whitaker*, 32 S.W.3d at 227. We will press on and do our best to address Reed's arguments while not assuming the role of an attorney for Reed.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We find no authority to support Reed's contention that he was entitled to a jury trial. We hold, as did the Juvenile Court, that Reed was not entitled to a jury trial in this matter. To reiterate, this is an appeal regarding the Juvenile Court's entry of judgment with respect to Reed's child support arrears and the payment schedule for said arrears.

Regarding child support arrearages, "courts retain the discretion to determine how arrearages are to be paid." *King v. Wulff*, No. M2011-00300-COA-R3-CV, 2011 WL 4582489, at *3 (Tenn. Ct. App. October 4, 2011), *no appl. perm. appeal filed*. In *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515 (Tenn. 2010), the Supreme Court discussed the abuse of discretion standard at length, stating:

The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The abuse of discretion standard of review does not, however, immunize a lower

court's decision from any meaningful appellate scrutiny. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

Discretionary decisions must take the applicable law and the relevant facts into account. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d at 42.

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. *Flautt & Mann v. Council of Memphis*, 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.*, 88 S.W.3d at 212.

*Beecher*, 312 S.W.3d at 524-25.

There is nothing in the record to indicate that the Juvenile Court abused its discretion in entering a judgment against Reed for his child support arrears and ordering him to pay back these arrears at the rate of $75 per month. We note that this payment schedule is more than lenient as it allows Reed more than 19 years to pay off his arrears. We affirm

-4-

the judgment of the Juvenile Court.

## **Conclusion**

The judgment of the Juvenile Court is affirmed, and this cause is remanded to the Juvenile Court for collection of the costs below.  The costs on appeal are assessed against Jamie Reed, and his surety, if any.


_____
D. MICHAEL SWINEY, JUDGE