# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 20, 2014 Session

## IN RE: CONSERVATORSHIP OF MAURICE M. ACREE, JR.

**Direct Appeal from the Probate Court for Davidson County**
**No. 06P-1603      Walter C. Kurtz, Judge**

**No. M2013-02588-COA-R3-CV - Filed June 11, 2014**

The trial court approved and affirmed the final accounting of a trust held in a conservatorship estate and closed the conservatorship following the death of the Ward. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

George Ellis Copple, Jr., Nashville, Tennessee, and Suzette Peyton, Brentwood, Tennessee, for the appellant, William Q. Acree.

C. Dewey Branstetter, Jr. and Stacey K. Skillman, Nashville, Tennessee, for the appellee, Nancy Acree.

Mary Beth Boone, *Pro Se*.

June House, *Pro Se*.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is the third time matters arising from protracted, onerous litigation over trust assets held by a conservatorship have come before this Court. We find it unnecessary to restate the background facts and tortured procedural history of this case. As noted in *Conservatorship of Acree v. Acree*, No. M2011–02699–COA–R3–CV, 2012 WL 5873578 (Tenn. Ct. App. Nov. 20, 2012), *perm. app. denied* (Tenn. Mar. 20, 2013) ("*Acree I*"), and *In re: Conservatorship of Acree*, No. M2013-01905-COA-R3-CV, (Tenn. Ct. App. filed June 4, 2014)("*Acree II*"), litigation between the parties has been on-going since 2006 and has resulted in substantial depletion of assets contained in two trusts for which Dr. Maurice M. Acree, Jr. (Dr. Acree) served as trustee until he became incapacitated and conservatorship proceedings were initiated in 2006. The current appeal arises from the trial court's October 18, 2013, order denying a Tennessee Rules of Civil Procedure Rule 60 motion filed by Appellant William Q. Acree ("William"), Dr. Acree's son; the trial court's October 24, 2013, order concluding the conservatorship; and the trial court's November 5, 2013, order approving the final accounting of the Maurice Acree Trust ("the MAT") and the conservatorship.

### Issues Presented

William presents the following issues for our review, as stated by him:

1.  Did the probate court err by approving a final accounting of a Trust without first requiring funds wrongfully disbursed from the Trust to be recovered and repaid to it when the Court of Appeals in a previous appeal of the same case had already ruled that the funds were improperly disbursed and that the probate court should rectify on remand the error of approving said disbursements?

2.  Did the probate court err by approving a final accounting of a Trust from which funds had been disbursed for attorney's fees and which disbursements were ruled by the Court of Appeals in a previous appeal of the same case to have been improper and where the only reason given by the probate court for not requiring the funds to be recovered and repaid into the Trust was that the several improper orders approving said disbursements of attorney's fees were interlocutory and interim orders for attorney's fees that should be considered final and beyond appeal under Tennessee law despite being inconsistent with the definition of final judgment in Rule 54.02, T.R.C.P.?

3.  Did the probate court err in refusing to revise and correct previous orders of the court pursuant to Rule 60.02, T.R.C.P., that provides for

revision and correction of orders entered for any other just reason when the Court of Appeals in a previous appeal of the same case had ruled that all such previous orders, even though deemed final, had been entered in plain error and should therefore be "addressed" and not ignored?

4. Was the probate court's refusal to apply Rule 60.02 to correct orders entered by mistake a failure to follow a binding principle of constitutional jurisprudence, that "where there is a right, there must always be a remedy"?

## ***Discussion***

We turn first to William's assertion that the trial court erred by approving the final accounting of the MAT without first requiring the repayment of attorney's fees approved for payment from the MAT prior to this Court's opinion in *Acree I*. In his brief, William notes that his argument with respect to this issue is the same argument asserted with respect to the Clara Carter Acree Trust ("CCAT") in *Acree II*. We agree, and accordingly repeat the holding of *Acree II:*

> In *Acree I*, the Court did not order yet another re-hashing of previously litigated attorney's fees. . . .
>
> . . . . In light of our holding that the relevant trial court's orders approving such fees were final and not appealable, our holding in *Acree I* became applicable to prospective orders. Neither the trial court nor the conservatorship was required to sift through this voluminous record to re-examine and re-adjudicate requests for attorney's fees.

*Acree II*, No. M2013-01905-COA-R3-CV, (Tenn. Ct. App. filed June 4, 2014).

As noted by William in his brief, the second issue presented on appeal likewise was raised and discussed in *Acree II*. We thus find it unnecessary to address the issue other than to repeat that it is *res judicata* and, to the extent to which *Acree I* should be overruled, we decline. The supreme court denied permission to appeal in *Acree I*, and *Acree I* establishes the law of the case.

We accordingly turn to the third and forth issues presented on appeal in this matter. In his brief, William asserts that the trial court erred by denying his August 2013 Rule 60.02 motion "for relief from previous orders deemed final by the Court of Appeals and from

-3-

orders entered after the period of finality." He argues that, under *Acree I*, no attorneys fees were payable from the MAT and that the trial court erred by refusing to set aside its previous orders pursuant to William's Rule 60.02(5) motion, which provides a mechanism to remedy earlier, final orders entered by the trial court.

Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

We review a trial court's disposition of a Rule 60.02 motion for relief for an abuse of discretion. *E.g, Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). An abuse of discretion occurs "'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *Id*. (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010) (quoting *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008))). This standard does not allow an appellate court to substitute its judgment for that of the trial court. *Id*. (citing *see Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003)). Rather, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.'" *Id*. (quoting *Eldridge*, 42 S.W.3d at 85 (quoting

-4-

*State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000))).

In his August 2013 motion, William asserted that the motion was "based" on *Acree I*, which was filed in November 2012. He relied on *Acree I* for the proposition that none of Nancy Acree's (Mrs. Acree's) attorney's fees were properly payable from the assets of the MAT and that *Acree I* required the trial court to order repayment upon demand. He further asserted that the trial court erred by awarding fees in the amount of $92,000 and $90,000 by orders entered September 6, 2012, and July 15, 2013, respectively.

As noted above, *Acree I* did not require the parties or the trial court to re-examine previous attorneys' fees awards. Contrary to William's assertion in his brief, we did not direct the trial court to "address" final orders awarding attorney's fees prior to November 20, 2012, when *Acree I* was filed. Rather, we addressed the issue of whether William's and Mrs. Acree's personal attorney's fees were properly payable from the trusts contained in the conservatorship estate. Clearly, there is no basis for an award of fees to William under the terms of the trusts or statutes. Additionally, Mrs. Acree's personal attorney's fees are not payable from the conservatorship. However, fees incurred by Mrs. Acree in her role as conservator are payable from the conservatorship assets to the extent provided by Tennessee Code Annotated § 34-1-113. In *Acree II*, we affirmed the trial court's July 15, 2013, order awarding attorney's fees in the amount of $90,000 to Mrs. Acree.[2] Discerning no abuse of discretion on the part of the trial court, we affirm the trial court's judgment denying William's Rule 60.02 motion.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs on appeal are taxed to the Appellant, William Q. Acree, and his surety, for which execution may issue if necessary. Because this appeal was filed before oral argument was heard in Acree II - indeed, oral argument of the instant appeal and *Acree II* were heard on the same day - Appellees' requests for damages for a frivolous appeal are denied. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE

---

[2]Mrs. Acree requested attorney's fees in excess of $168,000 for fees incurred from July 1, 2012 to March 8, 2013.