


**FILED**

**May 24, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:30 A.M.**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD APRIL 26, 2018 AT KNOXVILLE)

| | | |
|---|---|---|
| Lisa Yeaman | ) | Docket No. 2015-03-0237 |
| | ) | |
| v. | ) | State File No. 45169-2015 |
| | ) | |
| Kindred Health Care, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

**Affirmed and Remanded - Filed May 24, 2018**

---

The employer in this interlocutory appeal filed a motion to dismiss the employee's claim for an alleged failure to prosecute. Although acknowledging that the employee's two-year delay in pursuing her claim was "not ideal, nor encouraged," the trial court denied the employer's motion to dismiss, determining that the employee timely filed her claim and that a mediator's notice of the purported withdrawal of the employee's petition did not voluntarily dismiss the claim. The employer has appealed, asserting the trial court erred by failing to address whether the employee's claim should be dismissed for her failure to prosecute and that allowing the claim to continue violates public policy. We affirm the trial court's denial of the employer's motion to dismiss and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Judge Timothy W. Conner joined. Presiding Judge Marshall L. Davidson, III, filed a dissenting opinion.

W. Troy Hart and Charles E. Pierce, Knoxville, Tennessee, for the employer-appellant, Kindred Health Care

Joshua J. Bond, Knoxville, Tennessee, for the employee-appellee, Lisa Yeaman

### Factual and Procedural Background

Lisa Yeaman ("Employee") suffered a work-related injury in 2012 while employed by Kindred Health Care ("Employer"). The claim was accepted as compensable, and Employer provided all appropriate workers' compensation benefits.

1

The parties subsequently settled the claim, and the settlement provided for the continuation of Employee's medical benefits.

In June 2015, Employee filed a request for reconsideration of the earlier settlement pursuant to Tennessee Code Annotated section 50-6-242 (2012) and a petition for benefit determination in which she alleged a new March 1, 2015 date of injury for an aggravation of a pre-existing condition. Shortly after filing her petition, she notified the Bureau of Workers' Compensation ("Bureau") that she wanted to withdraw her petition. As a result, a mediator with the Bureau issued and filed a "Notice of Withdrawal of Petition for Benefit Determination" on June 26, 2015, which noted that the June 12, 2015 petition had been filed "in order to toll the statute [of limitations]." The notice additionally stated that the issues in the case were not ready for mediation and that Employee "desires to withdraw the Petition." The notice advised that "[i]f additional disputes arise in the course of this claim, either party may file an amended Petition for Benefit Determination utilizing the same docket number and state file number and mediation will be scheduled." No further action was taken in the case until Employee filed a new petition for benefit determination on August 22, 2017, utilizing the same docket number and state file number and identifying the same date of injury as the petition she filed in June 2015.

Employer responded by filing a motion to dismiss for failure to prosecute on September 7, 2017.[1] The following day, the trial court issued an order noting that the court "does not have jurisdiction to address a dispositive motion until the Mediating Specialist issues a [dispute certification notice]." The order referred the case for mediation, stating Employer's motion to dismiss "shall be held in abeyance until the Court receives the [dispute certification notice]." On November 7, 2017, the dispute certification notice was filed. On November 20, 2017, Employee filed her response to Employer's motion to dismiss, contending she had not nonsuited her claim and asserting her claim was "filed timely, and [she] is ready, willing and able to prosecute her claim . . . on the merits."

On January 9, 2018, the trial court entered an order noting Employer's arguments that Employee's two-year delay prejudiced its ability to investigate the claim and that allowing the case to continue "will result in the Court's acquiescence of [Employee's] engagement in 'on again/off again' litigation." While recognizing that "a two-year delay is not ideal, nor encouraged," the court denied the motion to dismiss and stated that Employee "timely filed her [petition for benefit determination], and its withdrawal does not voluntarily dismiss her claim." Employer has appealed the denial of its motion to dismiss for failure to prosecute.

---

[1] Employer's motion alternatively requested that the court dismiss Employee's claim on the basis it was barred by the statute of limitations. Although Employer's brief on appeal addressed the statute of limitations issue, counsel for Employer conceded the issue in oral argument in light of our opinion in *Taylor v. American Tire Distributors*, No. 2015-06-0361, 2017 TN Wrk. Comp. App. Bd. LEXIS 48 (Tenn. Workers' Comp. App. Bd. Aug. 15, 2017). Thus, we need not address the issue here.

## Standard of Review

A trial court's disposition of a motion to dismiss for failure to prosecute is reviewed under an abuse of discretion standard. *Fischer v. Sverdrup Tech., Inc.*, No. M2010-01095-WC-R3-WC, 2011 Tenn. LEXIS 574, at *5 (Tenn. Workers' Comp. Panel June 7, 2011). This standard prohibits an appellate court from substituting its judgment for that of the trial court. An appellate court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). In reviewing a trial court's exercise of discretion, we presume the trial court's decision is correct and review the evidence in a light most favorable to upholding the decision. *Lovelace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013). "[W]e will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *Johnson v. Walmart*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *17 (Tenn. Workers' Comp. App. Bd. July 2, 2015). That said, discretionary decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015). Moreover, we are obligated to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a manner that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

Employer contends the trial court erred in denying its motion to dismiss "without addressing the Employee's failure to prosecute her claim." Employer additionally asserts Employee's case should be dismissed "as allowing it to go forward would be against public policy."

Initially, we note the trial court did address Employer's motion to dismiss, stating "the Court denies [Employer's] Motion to Dismiss." We perceive Employer's argument as asserting the trial court failed to express its reasoning for denying its motion beyond the court's acknowledgment that "a two-year delay is not ideal, nor encouraged." While the trial court could have been more explicit in its reasoning for denying Employer's motion, we find implicit in the trial court's order its reliance on Employee's expressed intent to prosecute her claim to a decision on the merits. As is well established, "dismissals based on procedural grounds like failure to prosecute . . . run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003).

Employer based its motion to dismiss on Rule 41.02(1) of the Tennessee Rules of Civil Procedure, which provides, in part, that a defendant may move for dismissal of an

3

action or of any claim against it "[f]or failure of the plaintiff to prosecute." In its brief, Employer points out that Rule 41.02 is necessary to enable courts to manage their dockets and to protect defendants from plaintiffs who are unwilling to prosecute their claims. Employer likewise acknowledges that a trial court's decision under Rule 41.02 is reviewed under an "abuse of discretion" standard. Employer states that Employee took no action in this case for over two years and suggests Employee received substantial medical care during those two years. It argues that, as a result, "Employer has been prejudiced as it was not able to investigate the alleged injury or the medical necessity or causality of medical treatment when those issues were ripe." Employer asserts that, as a result, "the principal issues in this matter have become stale and the underlying facts are now virtually impossible to investigate." However, we conclude the responsibility for any prejudice resulting from the two-year delay can be attributable to either party.

Tenn. Comp. R. & Regs. 0800-02-21-.02(17) (2016) allows "[a]ny party [to] file a petition for benefit determination . . . with the Bureau at any time after a dispute arises in a claim for workers' compensation benefits." Here, Employee began her claim by filing a petition on June 12, 2015. As noted in Employer's motion to dismiss filed two years later, the petition "alleged the Employee aggravated a preexisting compensable injury and listed the new date of injury as March 1, 2015." The mediator's Notice of Withdrawal of Petition for Benefit Determination was filed fourteen days after the initial petition was filed. Although we have previously stated that a mediator's notice of withdrawal has no legal effect, this notice identified the parties and indicated it was sent to Employer, its attorney, and its insurer. *See Taylor*, 2017 TN Wrk. Comp. App. Bd. LEXIS 48, at *9 ("[A] 'notice of withdrawal' issued by a mediator has no legal effect."). The notice did not signal a resolution or conclusion of the claim and clearly contemplated the claim would continue in due course.

Following the filing of the mediator's notice of withdrawal of Employee's petition, neither party filed any documents with the Bureau in connection with Employee's claim until more than two years later, when Employee filed a new petition for benefit determination. In that two-year interim, either party could have investigated the circumstances of Employee's claim and could have requested medical or other records from the other party. Either party could have filed a new or amended petition for benefit determination with the Bureau seeking relevant documents and could have filed a discovery motion to obtain documentation or any other permissible discovery. Indeed, the notice filed by the mediator in June 2015 advised that "either party may file an amended Petition for Benefit Determination."

The record on appeal includes no documentation or information suggesting either party sought any information from the other subsequent to the mediator's notice. Likewise, the record is silent as to any action taken by Employer to dismiss Employee's claim until Employee filed a new petition on August 22, 2017. Although delays as occurred in this case are strongly discouraged, the delay here did not prevent Employer

4

from investigating Employee's claim, her alleged injury, or the medical necessity or causality of medical treatment at any point in time after the mediator issued the notice of withdrawal of Employee's petition. It was only after the filing of Employee's second petition for benefit determination that Employer sought to dismiss Employee's claim. Accordingly, we find nothing in the record to support an assertion that the trial court abused its discretion by denying Employer's motion to dismiss for failure to prosecute.

Finally, Employer contends that allowing this claim to continue is contrary to public policy. It asserts that if the claim is allowed to continue, "there is effectively no limit to the amount of time that can pass before a withdrawn [petition for benefit determination] is refiled." While delays as occurred here are strongly discouraged, the current process wherein a judge is not assigned to a case until a motion or a dispute certification notice is filed leaves it to the parties, in instances such as are presented here, to initiate litigation activities. In this case, either party could have initiated action resulting in the case being assigned to a judge. The Employer eventually did so by filing a motion to dismiss, but only after Employee filed the second petition for benefit determination. Again, we find nothing in the record to support an assertion that the trial court abused its discretion by denying Employer's motion to dismiss.

## Conclusion

For the foregoing reasons, we hold that the trial court did not abuse its discretion in denying Employer's motion to dismiss for failure to prosecute. Accordingly, the trial court's order is affirmed and the case is remanded for any further proceedings that may be necessary.



FILED

May 24, 2018

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:30 A.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**
**(HEARD APRIL 26, 2018 AT KNOXVILLE)**

| | |
|---|---|
| Lisa Yeaman | ) Docket No.   2015-03-0237 |
| | ) |
| v. | ) State File No. 45169-2015 |
| | ) |
| Kindred Health Care, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Lisa A. Lowe, Judge | ) |

---

**Dissenting Opinion - Filed May 24, 2018**

---

Marshall L. Davidson, III, Presiding Judge, dissenting.

I respectfully dissent.

First, this appeal involves one simple question: why did this case sit idle for two years and two months with no activity? Neither the record nor the trial court's order addresses this pivotal question. I would remand the case for an answer.

Second, in its order denying the employer's motion to dismiss, the trial court states that "the Court holds that Ms. Yeaman timely filed her PBD, and its withdrawal does not voluntarily dismiss her claim. Therefore, the Court denies Kindred's Motion to Dismiss." Thus, while the trial court's order makes clear the motion was being denied to the extent it was based on timeliness grounds, the order does not, other than allude to the employer's argument, address the failure to prosecute aspect of the employer's motion to dismiss. Rather than address or even acknowledge this problem, the majority's analysis focuses on a novel concept, i.e., what the *employer* should have done to keep the *employee's* claim moving forward.

Third, orders lacking an explanation of the grounds upon which the decision is based require appellate courts to "perform the equivalent of an archeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision." *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000). Because the basis for the trial court's decision is unknown so far as the failure to prosecute is concerned – the sole issue on appeal – I would remand the case for the trial court to make findings, or to at least

1

address the question, so as to avoid appellate review being reduced to an exercise driven by assumptions and inferences. Here, for example, the majority has merely inferred the trial court both considered and accepted that there was a reasonable basis for the lengthy delay when, in fact, the record reflects neither.

Fourth, the trial court's order references the employee's statement in her brief filed in that court that she "is ready, willing, and able to prosecute the claim." This, too, does nothing to explain why the case sat dormant for more than two years. If a dilatory party faced with a motion to dismiss need only assert a preference that the case continue in order to withstand a motion to dismiss, the bar has been set much too low. Providing safe harbor for parties who may not take the litigation process seriously, and who know that significant consequences are unlikely if they do not, is inconsistent with the goals of administering the workers' compensation system in a "fair, equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2017). *See also Smith v. The Newman Grp., LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *16-17 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015) (Davidson, J., dissenting).

Fifth and last, the trial court's order notes that inactivity for two years "is not ideal, nor encouraged," and the majority twice states that delays as occurred in this case are "strongly discouraged." I would give meaning to these words and require a party to provide a reasonable explanation or excuse based on notions of equity, justice, excusable neglect, misconduct by the adverse party, or some other consideration that would justify a twenty-six month period of dormancy. This record reveals no explanation or excuse, much less a reasonable one.

In the end, we are left with no idea why the employee allowed her claim to lay dormant for more than two years or why that was deemed acceptable. Unlike my colleagues, I would remand the case for an answer.

FILED

May 24, 2018

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:30 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Lisa Yeaman ) | Docket No. 2015-03-0237 |
| ) | |
| v. ) | State File No. 45169-2015 |
| ) | |
| Kindred Health Care, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Lisa A. Lowe, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of May, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Josh Bond | | | | | X | jbond@hdclaw.com |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Charlie Pierce | | | | | X | cepierce@mijs.com |
| Lisa A. Lowe, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov