# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 10, 2013 Session

## AMANDA MARIE SYKES v. JOSHUA NEAL SYKES

**Appeal from the Chancery Court for Maury County**
No. 10504      Stella L. Hargrove, Chancellor

---

**No. M2012-01146-COA-R3-CV -Filed August 28, 2013**

---

In this divorce proceeding, Mother and Father entered into a Marital Dissolution Agreement and Permanent Parenting Plan, which were incorporated into the final decree of divorce; the parties shared equal parenting time with their two children and neither party was obligated to pay child support. Mother subsequently filed a petition to set support, as well as a motion for relief from the final decree, both of which sought to have the court set support in accordance with the child support guidelines. The court denied the petition and the motion on the grounds that the parties had agreed in the parenting plan that child support would not be paid and that a significant variance did not exist. Finding that relief to Mother is appropriate under the circumstances, we reverse the judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., joined. PATRICIA J. COTTRELL, P. S., M. S., filed a separate opinion concurring in part and dissenting in part.

S. Jason Whatley, Columbia, Tennessee, for the Appellant, Amanda Marie Sykes.

J. Russell Parkes and Wesley Mack Bryant, Columbia, Tennessee, for the Appellee, Joshua Neal Sykes.

## OPINION

Amanda Sykes ("Mother") and Joshua Sykes ("Father") were married on September 2, 2000; children were born of the marriage in 2001 and 2005. On August 19, 2010, Mother filed a complaint for divorce in Maury County Chancery Court and on November 24, 2010,

the court entered a final decree of divorce, approving a Marital Dissolution Agreement ("MDA") which disposed of the parties' marital property and debts, and a Permanent Parenting Plan. The parenting plan provided, *inter alia*, that Mother and Father would have equal residential time with the children and that neither Mother nor Father was obligated to pay child support.

On September 12, 2011, the State of Tennessee, on behalf of Mother, filed a Petition to Set Support, requesting that the court order Father to pay child support according to the child support guidelines and that Mother be granted a judgment for retroactive support. Father answered, admitting the salient factual allegations of the petition, setting forth certain affirmative defenses,[1] and requesting that the petition be dismissed. A hearing was held on the petition on October 24, and on December 28 the court entered an order stating in pertinent part:

> This cause came on for hearing on the 24[th] day of October, 2011, before the Honorable Stella Hargrove, Judge/Magistrate, wherein the State of Tennessee moves for entry of an Order of Dismissal in this cause for the following reason:
> The Court found that a significant variance does not exist.
> IT IS THEREFORE ACCORDINGLY ORDERED, ADJUDGED, AND DECREED:
> 1. That the Petition to Set Support is hereby dismissed without prejudice.

On November 23, 2011, Mother, through counsel, filed a Motion to Alter or Amend the trial court's decision to deny the petition.[2] Mother requested that the court reconsider its order and calculate support in accordance with the guidelines on the ground that "the Court based its ruling upon the erroneous position that the case involved a child support modification, not an original setting of support," that "no child support was ever set due to a side agreement that [Father] would pay $400.00 per month to [Mother]," and that "[h]e stopped making such payments shortly after the entry of the divorce." On November 28,

---

[1] Father asserted the following affirmative defenses: (1) there had been no significant variance which would give rise to a modification of the prior support order; (2) unclean hands; (3) "there had been no facts or circumstances, which have changed, which caused the original deviation from the Child Support Guidelines and thus, the Petitioner is precluded from seeking a modification of the prior support Orders of this Court" ; and (4) judicial estoppel.

[2] The motion stated that "[I]t is unknown whether a written order from [the hearing on October 24] has been prepared or submitted, but the same was not contained within the court file as of the date of filing of this motion."

Mother filed a motion for relief from the final decree of divorce pursuant to Tenn. R. Civ. P. 60.02.

On March 26, 2012, Father filed an answer to both motions. Father generally denied the allegations in the motion to alter or amend and pled affirmative defenses of laches, equitable and judicial estoppel, unclean hands, and res judicata. In his answer to the Rule 60.02 motion, Father asserted that Mother's counsel had calculated child support and prepared the plan; that Mother and her counsel had appeared before the court in submitting the plan as part of the final divorce decree; that the trial court made inquiries of Mother relative to the deviation in child support; and that the motion for relief was not timely filed.

The court entered an order on the motions on April 24, holding that "[Mother] is not entitled to relief under Rule 60.02, nor is [Mother] entitled to relief pursuant to her Motion to Alter or Amend." The court also awarded Father counsel fees in the amount of $1,632.30.

Mother appeals, stating the following issues:

1. Whether the trial court erred in denying Petition to Set Support as filed by Appellant where the original divorce with the minor children of this cause contained no child support calculation worksheet and otherwise gave as a basis for the ordering of no child support to be paid in this matter upon the fact that the parties enjoyed an equal or largely equal parenting schedule?

2. Whether the trial court erred in awarding attorney's fees for the Appellee's defense in the above referenced motions?

## DISCUSSION

While the petition to set support and the motion for relief from the final divorce decree are separate pleadings and raise distinct issues, the factual basis for and the relief requested in each emanate from the parenting plan order that was approved by and incorporated into the final decree of divorce. Upon our review of the record, we have determined that the judgment must be reversed and the case remanded for further proceedings.

We start from the proposition that parents have a legal duty to support their children. *See* Tenn. Code Ann. § 34-1-102. As noted in *Gallaher v. Elam*, "[a]llocating a certain amount of financial support to one's children is a mandatory obligation, not a fundamental right. As such, parents have no fundamental right to allocate support to their children as they see fit." *Gallaher*, 104 S.W.3d 455, 461 (Tenn. 2003). In Tennessee, awards of child

support are governed by the Child Support Guidelines ("the Guidelines") promulgated by the Tennessee Department of Human Services Child Support Services Division. Tenn. Code Ann. § 36-5-101(e)(2). Tennessee's Child Support Guidelines have the force of law. *Jahn v. Jahn*, 932 S.W.2d 939, 943 (Tenn. Ct. App. 1996). Statutes and regulations pertaining to child support are intended to "assure that children receive support reasonably consistent with their parent or parents' financial resources." *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248–49 (Tenn. Ct. App. 2000); *see also* Tenn. Comp. R. & Regs. 1240-02-04-.01(3)(e). Courts are therefore required to use the child support guidelines "to promote both efficient child support proceedings and dependable, consistent child support awards." *Kaatrude*, 21 S.W.3d at 249; *see also* Tenn. Code Ann. § 36-5-101(e)[3]; Tenn. Comp. R. & Regs. 1240-02-04-.01(3)(b), (c).

The pertinent portion of the parenting plan in this case provides as follows:

A. CHILD SUPPORT

Father's gross monthly income is $3102.00.
Mother's gross monthly income is $1500.00.

> 1. The final child support order is as follows:
>    a. The __ mother __ father shall pay to the other parent as regular child support the sum of $<u>none</u> __weekly __ monthly __ twice per month __ every two weeks. **The Child Support Worksheet shall be attached to this Order as an Exhibit.***
>
>    If this is a deviation from the Child Support Guidelines, explain why: <u>Each party will have the children an equal amount of time.</u>

---

[3] Tenn. Code Ann. § 36-5-101(e)(1)(A), setting out the court's responsibility in a divorce proceeding involving children, states:

> In making the court's determination concerning the amount of support of any minor child or children of the parties, the court shall apply, as a rebuttable presumption, the child support guidelines, as provided in this subsection (e). If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child or children, or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

*Note: The child support schedule assumptions in the guidelines (1240-2-4-.03 (6)(b)) assume that the parent receiving the child support will get the tax exemptions for the child.

The child support worksheet was not attached to the order.

We can find no evidence that the trial court applied the child support guidelines as required by Tenn. Code Ann. § 36-5-101 at the time it approved the original parenting plan. In this regard, in the order denying Mother's Rule 60.02 motion, the court discussed what it characterized as the "deviation":

> This Court first finds that this court is very careful in examining litigants when there is a deviation in child support entered. This Court finds that all parties agreed to a deviation in this matter relative to the financial support and the Marital Dissolution Agreement and Permanent Parenting Plan specifically sets out the income of each party. This Court further finds that the Petitioner, Amanda Marie Sykes, was questioned extensively about the deviation and modification and even what is in the best interests of herself and the parties' minor child. This Court also finds that there was a Petition to Establish and Set Child Support filed in this matter on September 12, 2011, which was denied. At the hearing on the Petition to Establish and Set Child Support, counsel and all parties agreed that the initial child support had previously been set by the Marital Dissolution Agreement at $0. This Court also notes that when the original Parenting Plan was submitted to the Court, the Court did not calculate the child support; however, the Court did inquire about the calculations, the deviations and the setting of support.

To the extent the portion of the parenting plan excusing either party from paying support could be characterized as a deviation under the regulations, the record does not include any written findings to rebut the application of the child support guidelines and does not contain the court's assessment of the amount of support that would have been appropriate under the guidelines.[4] In the April 24 order, the court acknowledged that it did not calculate child

[4] The Guidelines explain the procedure for deviation and require that:

(c) When ordering a deviation from the presumptive amount of child support established by the Guidelines, the tribunal's order shall contain written findings of fact stating:

> 1. The reasons for the change or deviation from the presumptive amount of child support that would have been paid pursuant to the Guidelines; and

(continued...)

-5-

support when the original parenting plan was submitted, but stated that it inquired "about the calculations, the deviations and the setting of support." An inquiry of this sort, however, is insufficient; the statute mandates that the guidelines be applied. Tenn. Code Ann. § 36-5-101(e). The court's approval of the apparent agreement of the parties relative to child support which resulted in no support being computed or ordered to be paid, therefore, is contrary to applicable law and regulations.[5]

Mother first sought relief from the error by filing the petition to set support and when the petition was denied, a motion to alter or amend the order of denial; she also filed the Rule 60.02 motion.

The order denying the petition to set support stated that the court found that there was not a significant variance. This finding was apparently related to the application of Tenn.

---

[4](...continued)

> 2. The amount of child support that would have been required under the Guidelines if the presumptive amount had not been rebutted; and
>
> 3. How, in its determination,
>
> > (i) Application of the Guidelines would be unjust or inappropriate in the particular case before the tribunal; and
> >
> > (ii) The best interests of the child for whom support is being determined will be served by deviation from the presumptive guideline amount.

Tenn. Comp. R. & Regs. 1240-02-04-.07(1)(c).

The Guidelines also state that in making a determination regarding a deviation from the presumptive amount of support, the trial court:

> [S]hall consider all available income of the parents as defined by this chapter and shall make a written finding that an amount of child support other than the amount calculated under the Guidelines is reasonably necessary to provide for the needs of the minor child or children for whom support is being determined in the case immediately under consideration.

Tenn. Comp. R. & Regs. 1240-02-04-.07(2)(a)1.

[5] We use the term "apparent agreement" purposely. The court found that "all parties agreed to a *deviation* in this matter" and that Mother "was questioned extensively about the *deviation* and modification." (italics supplied). As explained herein, we do not consider that the record shows a deviation from the child support obligation, as that term is used in applicable law and the child support guidelines.

-6-

Code Ann. § 36-5-101(g), governing modifications of awards of child support; the statute requires that a modification be based on a "significant variance, as defined in the child support guidelines . . . between the guidelines and the amount of support currently ordered."[6] The record, however, does not show the amount of support that would have been payable as of the date of filing of the petition, September 12, 2011; consequently, the holding that there was not a significant variance has no factual support.[7]

Mother sought relief pursuant to Rule 60.02 subsections (1), which allows a court to relieve a party from a final judgment for mistake, inadvertence, fraud or excusable neglect, and (5) for any other reason justifying relief.[8] The motion alleged the following facts in support of the request for relief:

3. The final decree does not contain any proof or record that the Child Support Guidelines were referenced as mandated by *Tenn. Comp. R. & Regs. 1240-2-4-.08(1)(a)* when the Final Decree was entered;
4. Additionally, there is no child support worksheet attached to the Final Decree of Divorce;
5. Plaintiff will show that in order to entice her to agree to no child support in the original Permanent Parenting Plan, Respondent promised to pay Plaintiff $400.00 per month. Respondent only paid this amount for approximately 1 month after the parties divorced;
6. The justification for waiver of child support is inadequate because it simply states that the parents opted for split custody of the subject children;
7. Further, Plaintiff detrimentally relied upon the representation of Respondent in agreeing to this arrangement of no child support.
8. Respondent should, therefore, be estopped from denying that child support be calculated and enforced.

---

[6] Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(c) defines a significant variance as "at least a fifteen percent (15%) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order."

[7] According to the Statement of the Evidence the only discussion relative to significant variance at the October 24, 2011 hearing related to the amount of time the children were spending with Father's parents.

[8] Where relief is sought based on subsection (1) the motion must be filed within one year after entry of the judgment; the one year limitation does not apply to subsection (5). 4 Nancy Fraas MacLean, *Tennessee Practice Series—Rules of Civil Procedure Annotated* AC 60:9 (4th ed. 2006). Mother does not argue on appeal that the court erred in denying her relief under Rule 60.02(1); consequently, our review is directed at the court's application of Rule 60.02(5).

9.      The Petitioner is entitled to relief from the Final Decree of Divorce pursuant to *Tenn. R. of Civ. Pro. 60.02(1) & (5)* because the Respondent did not abide by assurances he communicated to the Petitioner, much to her surprise.

We review decisions dealing with Tenn. R. Civ. P. 60.02 under an abuse of discretion standard since those requests for relief are "addressed to the trial court's discretion." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997); *accord Henry v. Goins*, 104 S.W. 3d 475, 479 (Tenn. 2003); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). We are not permitted to substitute our judgment for that of the trial court under an abuse of discretion standard. *Henry*, 104 S.W.3d at 479; *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Only when the trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining" is the trial court found to have abused its discretion. *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). On the record before us, we conclude that the trial court abused its discretion when it failed to grant relief pursuant to Tenn. R. Civ. P. 60.02(5).

The "any other reason" clause of Rule 60.02(5) "requires a reason of 'overriding importance,' 'extraordinary circumstances' or 'extreme hardship.'" MacLean, *supra*. As noted earlier in this opinion, the factual statements in paragraphs 3 and 4 of the Rule 60.02 motion are true; likewise, because the applicable regulations were not followed, we agree with the assertion in paragraph 6. We assume, solely for purposes of considering the propriety of the denial of the motion, the truth of the allegations in paragraphs 5 and 7.[9] Considering the facts and circumstances of this case, the threshold for relief pursuant to Rule 60.02(5) has been met.

For these reasons, we reverse the decision of the trial court and remand the case for the court to set support in accordance with the child support guidelines. Pursuant to Tenn. Comp. R. & Regs. 1240-02-04-.06 the court should enter judgment for support from and after

---

[9]  There is nothing in the record to indicate that the court considered for any purpose the allegation that Father failed to pay the $400 he was alleged to have agreed to pay Mother in lieu of child support. The assertion at paragraph 5 of Mother's Rule 60.02 motion, quoted above, was denied by Father in his response to the motion.

the date of separation of the parties.[10] Inasmuch as we have reversed the judgment of the trial court upon which the court based its award of counsel fees, we reverse the award of fees.

_____
RICHARD H. DINKINS, JUDGE

---

[10] The pertinent portion of Tenn. Comp. R. & Regs. 1240-02-04-.06, governing retroactive support, states:

> (1) Unless the rebuttal provisions of Tennessee Code Annotated §§ 36-2-311(a)(11) or 36-5-101(e) have been established by clear and convincing evidence provided to the tribunal, then, in cases in which initial support is being set, a judgment must be entered to include an amount of monthly support due up to the date that an order for current support is entered: * * *
> (b) From the date:
>
> 1. Of separation of the parties in a divorce or in an annulment; . . .

Tenn. Comp. R. & Regs. 1240-02-04-.06(1)(b)1.