# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 20, 2014 Session

### A TO Z SMART PRODUCTS & CONSULTING, ET AL.
### V. BANK OF AMERICA

**Appeal from the Chancery Court for Davidson County**
**No. 121433II      Carol L. McCoy, Chancellor**

---

**No. M2013-01261-COA-R3-CV - Filed April 30, 2014**

---

Garnishor obtained a final judgment which held Garnishee liable for full amount of outstanding debt of the judgment-debtor. The trial court granted Garnishee's motion to alter or amend and vacated the conditional judgment and the final judgment against the Garnishee; Garnishor appeals. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Phillip L. Robertson, Franklin, Tennessee, for the appellant, A to Z Smart Products and Consulting and Kenneth B. Zangara.

Harold Frederick Humbracht, Jr. and Frankie Neil Spero, Nashville, Tennessee, for the appellee, Bank of America.

### MEMORANDUM OPINION[1]

On October 5, 2012, A to Z Smart Products and Consulting, a New Mexico Corporation, and Kenneth B. Zangara (collectively, "Plaintiffs") filed a petition in Davidson

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

County Chancery Court to register a judgment which had been entered in the Second Judicial District Court of Bernalillo County, New Mexico, in the amount of $140,000 against SMA Alliance, LLC ("SMA"). On February 1, 2013, the court entered an order permitting "execution or other process for enforcement of the foreign judgment may proceed, pursuant to Tennessee Code Annotated Section 26-6-105(c)."

On February 4 the Clerk and Master issued a garnishment against Bank of America, N. A. ("BANA") in the amount of $140,000; the garnishment was served upon BANA on February 6. On March 12 a conditional judgment was entered against BANA for $140,000, and a hearing set for March 25 to show cause why the conditional judgment should not be made final. BANA did not appear at the show cause hearing, and on April 8 Plaintiffs filed a proposed Judgment.

On April 19 BANA filed a motion to "set aside the conditional judgment entered against BANA on March 12, 2013, and to strike the proposed Judgment currently pending before the court"; in the motion, BANA contended that it "filed a written answer" on February 27 and "[t]hereafter . . . deposited the sum of $29,141.54 . . . (*i.e.* the amount held by BANA in the Judgment Debtor's three identified accounts) with the Court." As an exhibit, BANA filed a copy of a letter from Dominica Bellino of BANA to the Chancery Court Clerk dated February 7 which stated:

Dear Sir or Madam,

Bank of America, N.A. hereby files its Answer to the above mentioned matter as follows:

| Account Title | Account Number | Transaction Amount |
|---|---|---|
| STRATEGIC MARKETING AUTO ALLIANCE LLC | * * * | $28,995.81 |
| STRATEGIC MARKETING AUTO ALLIANCE LLC | * * * | $45.53 |
| STRATEGIC MARKETING AUTO ALLIANCE LLC | * * * | $100.20 |

If you have any questions, please contact us.

Sincerely,
/s/
Dominica Bellino
Legal Order Processing
* * *
cc: Philip (sic) Robertson

On April 22 the court entered a judgment against BANA for $111,073.96[2]; the order stated that BANA filed no response to the order to show cause and did not appear at the hearing. On April 25 BANA filed a Tenn. R. Civ. P. 59.06 motion to alter or amend the judgment entered April 22; Plaintiffs filed an objection to BANA's motion on April 29.

On May 31 the court vacated the April 22 judgment, finding that BANA filed a written answer to the garnishment and deposited the garnished amount into the court on February 25[3] and holding that "a conditional judgment is not an available remedy against a garnishee where the garnishee has already filed an answer to the garnishment."

Plaintiffs appeal, raising the following issue:

The trial court erred in granting Appellee Bank of America, N.A.'s ("BANA") Motion to Alter or Amend Judgment or, Alternatively, Motion for Relief from Judgment entered in favor of Appellants and against BANA for BANA's failure to answer a garnishment.

I. STANDARD OF REVIEW

Appellate courts review decisions dealing with Tenn. R. Civ. P. 59.04 under an abuse of discretion standard since this request for relief is "addressed to the trial court's discretion." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997); *accord Henry v. Goins*, 104 S.W. 3d 475, 479 (Tenn. 2003); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). An appellate court is not permitted to substitute its judgment for that of the trial court under an abuse of discretion standard. *Henry*, 104 S.W.3d at 479; *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Only when a trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining" is the trial court found to have abused its

---

[2]  The order stated this amount was "equal to the garnishment amount of $140,000 less a credit received in the amount of $28,926.04, after application to court costs."

[3]  An answer filed February 25 is not in the record. The only "Answer" in the record is the February 7 letter from BANA.

3

discretion. *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)).

## II. DISCUSSION

In this garnishment proceeding, BANA, served with a garnishment on February 6, sent its answer in the form of a letter to the clerk detailing SMA's accounts; BANA subsequently paid the balance of those accounts into the court. There is no dispute that BANA took these actions before the conditional judgment was entered on March 12.[4] Plaintiffs, instead, make various arguments regarding the sufficiency and timeliness of BANA's February 25 response under Tenn. R. Civ. P. 69.05.[5]

---

[4] At the hearing on BANA's motion to alter or amend, the court and counsel for Plaintiffs engaged in the following exchange regarding the letter from Dominica Bellino of BANA to the Chancery Court Clerk dated February 7:

> THE COURT: As you'll see, the very first line says, this is our answer.
> MR. ROBERTSON: I see that, Your Honor. . . . It was filed on February 25th with the Court. Says, received by Davidson Chancery Court February 25th.

The answer discussed at the hearing included a photocopy of BANA's check for $29,141.54.

[5] Tenn. R. Civ. P. 69.05(3)–(4) amendment effective July 1, 2004, provides:

> **(3) Garnishee's Duty Upon Service.** The garnishee by the next business day after service shall ascertain whether the garnishee holds property of the debtor. If so, the garnishee shall mail one copy of the writ of garnishment with the notice to the last known address of the judgment debtor. Where the garnishee is a financial institution, the balance in the judgment debtor's accounts on the night of the service date is the amount subject to that garnishment writ.
>
> Within ten days of service, the garnishee shall file a written answer with the court accounting for any property of the judgment debtor held by the garnishee.
>
> Within thirty days of service, the garnishee shall file with the court any money or wages (minus statutory exemptions) otherwise payable to the judgment debtor. If the garnishee holds property other than money or wages, a judgment may be entered for that property and a writ of execution may issue against the garnishee.
>
> **(4) Failure of Garnishee to Respond.** If the garnishee fails to timely answer or pay money into court, a conditional judgment may be entered against the garnishee and an order served requiring the garnishee to show cause why the judgment should not be made final. If the garnishee does not show sufficient cause within ten days of service of the order, the conditional judgment shall be made final and a writ of execution may issue against the garnishee for the entire judgment owed to the judgment creditor, plus costs.

In *Smith v. Smith*, this Court discussed conditional judgments in the context of garnishment proceedings:

> A conditional judgment is similar to a default judgment, in that both remedies recognize a failure to respond to process. *Meadows*, 1988 WL 116382, at *4. Unlike a default judgment, however, a conditional judgment does not admit facts alleged, but, rather, "[i]t is a threat of final judgment if [a] response should not be forthcoming. It is a means of inducing a response and a threat of penalty for failure, but it is not a judgment establishing any rights." *Id.; see Ball Bros.*, 1987 WL 12388, at *2 ("The conditional judgment is an enforcement tool."). The conditional judgment is not intended to be punitive, but is intended as an enforcement tool, a "wake up call" to the garnishee, a warning that a proper defense must be asserted to prevent the entry of a final judgment. *In re Warner*, 191 B.R. at 710–11. "[T]he conditional judgment gives 'another opportunity' to the garnishee 'to answer the garnishment.' " *Id.*

*Smith v. Smith*, 165 S.W.3d 285, 293–94 (Tenn. Ct. App. 2004).

Tenn. R. Civ. P. 69.05 provides that the court **may** enter a conditional judgment where the garnishee fails to timely answer or pay money into court; a conditional judgment is not mandatory and serves no purpose where a garnishee has answered and paid money into court prior to the issuance of the conditional judgment. We reiterate the policy stated in *Smith* that a conditional judgment is not intended to be punitive in nature, and that it is an enforcement tool only.[6] BANA submitted its answer and made payment into the court prior to the March 12 issuance of the conditional judgment. The trial court did not err in granting BANA's motion to alter or amend and in vacating the conditional and final judgment against BANA.

_____
RICHARD H. DINKINS, JUDGE

---

[6] Plaintiffs' contention that the 2004 revision of Tenn. R. Civ. P. 69 overruled *Smith* is not well taken. The Advisory Commission Comment to the 2004 Amendment provides:

> Rule 69 is rewritten in its entirety. The intent is to consolidate procedures established by statute, court precedent, and custom into a single orderly rule. New Rule 69 does not radically change current law.