IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2014 Session

**IN RE JOEL B.**

**Appeal from the Juvenile Court for Maury County**
**No. 11JV720     Alfred L. Nations, Judge**

_____

**No. M2012-00590-COA-R3-JV - Filed August 18, 2014**

_____

Juvenile court entered a default order against mother of minor child declaring the parentage of father and ordering a permanent parenting plan. We have determined that this order is void due to improper notice. We have further determined that the juvenile court erred in ordering the attachment of the minor child, who was living with mother in California.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and W. NEAL MCBRAYER, JJ., joined.

Rachel Bonano, Knoxville, Tennessee, for the appellant, Keren D.

Lauren P. Parker, Memphis, Tennessee, for the appellee, Joel B.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Joel C.D.B. was born in Tennessee in 2011 to Keren D. ("Mother") and Joel B. ("Father"). In early December 2011, a few months after the child's birth, Mother left Tennessee with the child and moved to California, Mother's home state. Mother filed a request for a restraining order against Father in the Los Angeles superior court, and that court entered an ex parte restraining order against Father and an ex parte order granting temporary custody of the child to Mother. These orders expired on December 27, 2011.

On December 12, 2011, Father filed a petition to legitimate and for entry of a permanent parenting plan in the Maury County juvenile court. At the same time, Father filed motions for an order requiring the child to return to the court's jurisdiction and for pendente lite relief. The juvenile court entered an ex parte order declaring Tennessee to be the child's home state pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and ordering Mother to return to Maury County, Tennessee with the child by December 19, 2011 for a hearing on Father's motions.

On December 19, 2011, Mother filed, in the Maury County juvenile court, a response to Father's motions and petition to legitimate. She admitted Father's paternity and asserted that the California court had jurisdiction under the UCCJEA. Mother alleged that Father had been violent toward her, that she had fled to California for her own safety, and that Tennessee was an inconvenient forum.

A hearing took place on December 19, 2011. Mother failed to appear. The juvenile court entered an order for pendente lite relief and mediation; this order incorporated a pendente lite parenting plan making Father the primary residential parent and giving the parents equal parenting time with the child. The court recognized Father as the legal and biological father of Joel C.D.B and ordered that Tennessee was the child's home state and that the Maury County juvenile court had exclusive, continuing jurisdiction over the child custody proceedings.

Mother subsequently filed the following: a declaration regarding Father's acts of domestic abuse, a motion to reconsider the pendente lite order and parenting plan, a motion to dismiss the case based on an inconvenient forum, and a motion asking the court to recuse itself.

The original judge in this case, Judge George Lovell, recused himself. The new judge, Judge Alfred Nations, held a hearing on January 6, 2012 to review the court's December 19, 2011 order granting pendente lite relief. Mother again failed to appear. In a "review hearing order," the court reiterated its findings regarding the jurisdiction of the court, ordered Mother to immediately return the child to the court's jurisdiction and to Father's custody, and issued a show cause order requiring Mother to show cause why she should not be held in contempt for failing to comply with the court's previous orders and failing to appear at the hearings on December 19, 2011 and January 6, 2012. Mother thereafter filed a response to the court's order explaining her reasons for failing to comply with the court's orders and failing to appear at the previous hearings.

At a show cause hearing on January 13, 2012, the court denied Mother's motion to change venue and held her in contempt for her failure to appear before the court. The court

2

took notice of an ex parte order entered by the California superior court confirming that Tennessee was the child's home state. Further, the court issued an attachment for the child and prohibited Mother from having any contact with the child until she appeared before the court.

On January 26, 2012, Father filed a motion for default judgment. The motion was mailed to Mother on January 26, 2012. The hearing on the motion for default was held on February 3, 2012, and Mother failed to appear. That day, the court entered two orders. The court entered an order of parentage and permanent parenting plan pursuant to which Father was the primary residential parent and Mother had 80 days of parenting time per year with the child. The court entered a second order in which it stated: "[T]he Court, *sua sponte* has set aside [i]ts holding of contempt against the Respondent, but the Respondent still must show cause as to why she should not be held in contempt. The court's order further provides that Mother is not to have any visitation until she appears before the court to show cause why she should not be held in contempt.

Mother continued to file motions and declarations with the court. On March 2, 2012, Mother filed a notice of appeal of the court's February 3, 2012 order.

On appeal, Mother raises the following issues: (1) whether the trial court erred in granting a default judgment; (2) whether the trial court erred in failing to grant Mother's requests for telephonic hearings; (3) whether the trial court erred in failing to consider the best interests of the child in making its determination regarding a permanent parenting plan; (4) whether the trial court erred in attaching the minor child; (5) whether the trial court erred in failing to grant Mother's motion to dismiss for inconvenient forum; and (6) whether the trial court erred in finding Mother in contempt.

ANALYSIS

*Default judgment*

Mother makes several arguments regarding the trial court's default order determining parentage and a permanent parenting plan. We have determined that this order should be vacated due to improper notice.

Pursuant to Tenn. R. Civ. P. 55.01, "all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the

3

hearing on the application . . . ."[1] Tennessee Rule of Civil Procedure 6.05 adds three days to the prescribed time period where service is accomplished by mail. Moreover, in computing a time period shorter than eleven days, one must exclude Saturdays and Sundays and holidays. Tenn. R. Civ. P. 6.01. Father's motion was served by mail on Thursday, January 26, 2012. Excluding weekends and adding three days for service by mail, we calculate the earliest the hearing could properly have been held was on Tuesday, February 7, 2012. *See Frierson v. Johnson*, No. M2006-02598-COA-R3-CV, 2008 WL 555721, at *5 (Tenn. Ct. App. Feb. 28, 2008). We, therefore, conclude that Mother did not receive proper notice of the hearing.

Our conclusion regarding the improper notice provided to Mother makes it unnecessary for us to address some of the remaining issues. We will, however, discuss those issues not related to the default judgment.[2]

*Telephonic hearings*

Mother asserts that the trial court erred in failing to allow her to testify by telephone. Tennessee Code Annotated section 36-6-214(b) provides that a court "*may* permit an individual residing in another state to be deposed or to testify by telephone . . . ." (Emphasis added).

A provision using permissive terms such as "may" is generally regarded as discretionary. *Steppach v. Thomas*, 346 S.W.3d 488, 505 (Tenn. Ct. App. 2011). A trial court abuses its discretion only if it "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Under this standard, we are required to uphold the ruling "as long as reasonable minds could disagree about its correctness." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007). Furthermore, "we are not permitted to substitute our judgment for that of the trial court." *Id.* Thus, under the abuse of discretion standard, we give great deference to the trial court's decision. *See Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

---

[1]The Tennessee Rules of Juvenile Procedure provide that the Tennessee Rules of Civil Procedure shall govern in cases involving paternity and child custody. Tenn. R. Juv. P. 1(b).

[2]There is nothing in the record to show that the trial court ruled upon Mother's motion to dismiss based upon an inconvenient forum. The contempt issue was rendered moot by the trial court's February 3, 2012 order setting aside its prior holding of contempt.

We cannot say, based on the record in this case, that the trial court abused its discretion in declining to allow Mother to testify by telephone.[3]

*Attachment of minor child*

In its January 13, 2012 show cause hearing order, the juvenile court stated: "An attachment for the body of [Joel C.D.B.] shall immediately be issued. Upon securing the body of the minor child, temporary physical and legal custody of said child shall be immediately placed with [Father]." At that time, the child was living with Mother in California.

Tennessee Code Annotated section 36-6-235 addresses a court's authority to issue a warrant for the physical custody of a child:

(a) Upon the filing of a petition seeking enforcement of a child-custody determination, the petitioner may file a verified application for the issuance of a warrant to take physical custody of the child *if the child is immediately likely to suffer serious physical harm or be removed from this state.*
(b) If the court, upon the testimony of the petitioner or other witness, finds that the child is *imminently likely to suffer serious physical harm* or be removed from this state, it may issue a warrant to take physical custody of the child. . . .
(c) A warrant to take physical custody of the child must:
(1) Recite the facts upon which a conclusion of imminent serious physical harm or removal from this jurisdiction is based;
(2) Direct law enforcement officers to take physical custody of the child immediately; and
(3) Provide for the placement of the child pending final relief.
. . .
(e) *A warrant to take physical custody of a child is enforceable throughout this state.*

(Emphasis added).

---

[3]On the day of oral argument, Father filed a motion asking this court to consider facts not in the record. Specifically, Father points out that, earlier this year, the trial court granted Mother's motion to allow Skype testimony in future proceedings. We find that this information does not aid or affect our examination of the validity of the trial court's prior orders. We, therefore, deny Father's motion to consider facts not in the record.

The warrant in this case is deficient in at least two respects. First there is no recitation of facts supporting a conclusion that the minor child was "imminently likely to suffer serious physical harm." Tenn. Code Ann. § 36-6-235(b). Second, the court purported to make the warrant enforceable in California, whereas the statute contemplates that the warrants are only effective in this state:

> [T]he statutory text is clear that the warrants authorized by this section are enforceable only "throughout *this* state." Tenn. Code Ann. § 36-6-235(e) (emphasis added). Accordingly, these warrants should not be directed to law enforcement officials nationwide. The UCCJEA does not provide state trial courts with license to issue nationwide orders to all state and federal law enforcement officials requiring them to snatch up children wherever and with whomever they may be found so that they can be spirited back to the state in which the enforcement proceeding is pending. Such an intrusive and potentially dangerous remedy would go far towards disrupting the interstate comity the UCCJEA was designed to promote.

*Staats v. McKinnon*, 206 S.W.3d 532, 541 n.11 (Tenn. Ct. App. 2006).

Because of these deficiencies, we have concluded that the trial court erred in ordering the attachment of the minor child.

CONCLUSION

For the foregoing reasons, the February 3, 2012 order of the juvenile court setting parentage and a permanent parenting plan is vacated. Moreover, those portions of the court's show cause hearing order ordering the attachment of the minor child are vacated. Costs of appeal are assessed against Father, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE